O’NIELL, C. J.
 

 The defendant has appealed from a judgment in 'a mandamus proceeding ordering the company to install and maintain a street light at the railroad crossing on each of three avenues in the city of Oakdale. .They are Fifth avenue, Sixth avenue and Seventh avenue. Appellant is willing to install and maintain a light at the crossing on Sixth avenue, which is the principal business thoroughfare of the city, but contends that, in so far as the ordinance requires a light on the crossing on Fifth avenue and on Seventh avenue, it is unnecessary and unreasonable.
 

 It is argued on behalf of appellant that the judgment appealed from is founded upon the ruling in State ex rel. City of Lake Charles v. St. Louis, I. M. & S. Railway Co., 138 La. 714, 70 South. 621, interpreted as holding that the courts have no authority to question the necessity for or the reasonableness of a municipal ordinance of this kind. It is said that the doctrine of the Lake Charles Case is obsolete, because the ordinance in that case was enacted under authority of Act 35 of 1912, which has been amended by Act 248 of 1916, so as to reserve to the railroad companies the • right “to appeal to the courts tó test the necessity for and the reasonableness of any ordinance passed by any municipality under the power and authority granted by this act.”
 

 The judgment appealed from is supported by a very able written opinion. It is not founded upon the idea that the courts cannot or will not look into the question of necessity for or reasonableness of a municipal ordinance enacted under authority of Act 248 of 1916. On the contrary, the district judge went very carefully and thoroughly into the matter, and heard all of the testimony that was offered on the question of necessity for or reasonableness of the ordinance. He concluded that, “in aid of the safety of the public,” as the statute says, the lights were necessary at the crossing on Fifth avenue and on Seventh avenue, as well as on Sixth avenue; and we concur in the opinion.
 

 The proviso in the statute, reserving to the railroad companies the right to appeal to the courts to test the necessity for or the reasonableness of such ordinances, leaves the burden of proof upon the railroad company, in any given case, to show that the ordinance is unnecessary or unreasonable. The evidence in this case does not show that the lights are unnecessary or that the ordinance is unreasonable. It is true, no regular train was scheduled to pass through the city of Oakdale at night; but there was a switch track as well as the main line of railroad crossing the three avenues; and the record shows' that several trains were switched across the three avenues every night. Oakdale has not many more than 5,000 inhabitants; but the three avenues in question are in the very center of the city; and many automobiles and pedestrians cross the railroad tracks at all of the three avenues every night. It would serve no purpose to publish a review of the testimony on the' subject. It is enough to say that the railroad company has hot shown that the lights
 
 *111
 
 on the crosáings are not necessary or that the ordinance is unreasonable.
 

 The judgment is affirmed at appellant’s cost.